IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 11:22 am, Mar 16, 2017*

| | |
|---|---|
| CHRISTOPHER MICHAEL NEWELL, | |
| Plaintiff, | CIVIL ACTION NO.: 5:16-cv-74 |
| v. | |
| CORRECTIONS CORPORATION OF AMERICA; WARDEN HILTON HALL; OFFICER SMITH; OFFICER PAULK; OFFICER GRADY; MISS BELL, case manager, and WARDEN BLOODWORTH, | |
| Defendants. | |

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at Autry State Prison in Pelham, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. The Court has conducted the requisite frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim, **DENY** Plaintiff leave to appeal *in forma pauperis*, and **DIRECT** the Clerk of Court to **CLOSE** this case.

**BACKGROUND[1]**

In his Complaint, Plaintiff alleges that on April 4, 2016, Plaintiff was taken outside of Coffee Correctional Facility for a medical procedure. (Doc. 1, p. 5.) Defendants Smith, Paulk, and Grady were the transport correctional officers responsible for transporting him to and from the facility. After his surgery was completed, Plaintiff contends that the transport correctional

---

[1] The below recited facts are taken from Plaintiff's Complaint, (doc. 1), and are accepted as true, as they must be at this stage.

officers discussed "how the [sic] expected the surgery to last much longer and how they did not wish to return to the facility." (Id.) Plaintiff alleges that the officers ultimately decided against returning directly to the facility and drove in a different direction. Plaintiff reported this incident "as per prison policy" and contends that after making the report, he was denied medical treatment and transferred to Autry State Prison. (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.     Dismissal of Claims Against Defendants Hall, Bell, and Bloodworth**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted).  Here, even construing Plaintiff's Complaint liberally, he has failed to state a claim against Defendants Hall, Bell, and Bloodworth.  Plaintiff's Complaint contains no allegations of facts against the above-named Defendants.  Indeed, Plaintiff only mentions these Defendants in the portion of the Complaint form asking Plaintiff to list additional defendants.  (Doc. 1, p. 4.)  Accordingly, Plaintiff fails to state a claim upon which relief may be granted against Defendants Hall, Bell, and Bloodworth. See Anderson v. Fulton Cty. Gov't, 485 F. App'x 394 (11th Cir. 2012) (dismissal proper where plaintiff failed to describe any specific allegations against defendant).

Therefore, the Court should **DISMISS** Plaintiff's Section 1983 claims against Defendants Hall, Bell, and Bloodworth in their entirety.

**II.    Dismissal of Supervisory Liability Claims Against Defendants Hall and Bloodworth**

As additional grounds for dismissal, to the extent Plaintiff seeks to hold Defendants Hall and Bloodworth liable based on their supervisory positions, he is unable to do so.  Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a

causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Here, Plaintiff fails to make any factual allegations that Defendants Hall or Bloodworth directly participated in or were otherwise causally connected to the alleged deprivation of his constitutional rights. As set forth above, such supervisory allegations are an insufficient basis for Section 1983 liability and provide an additional, independent reason for the Court to **DISMISS** Plaintiff's claims against Defendants Hall and Bloodworth.

### III.   Dismissal of Claims against Defendant Corrections Corporation of America

Plaintiff also names Corrections Corporation of America, ("CCA"), as a Defendant, apparently due to its role as employer of the other named Defendants. Though CCA is a private entity, prison contractors are considered state actors. Therefore, CCA is subject to suit under Section 1983. See Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). However, supervisors, employers, and private contractors cannot be sued under Section 1983 simply on a theory of *respondeat superior*. Nesmith v. Corr. Corp. of Am., Civil Action No. CV507-043, 2007 WL 2453584, at *2 (S.D. Ga. Aug. 23, 2007) (holding that CCA, as private contractor who runs prison, cannot be held liable under Section 1983 on *respondeat superior* or vicarious liability basis). "Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions,

violated the Constitution." Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).

Therefore, to hold an employer such as CCA liable, Plaintiff must demonstrate that either: (1) CCA actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of CCA and the alleged constitutional violation. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff does not allege that Defendant CCA actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a causal connection between Defendant CCA and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). Furthermore, Plaintiff has not alleged that CCA implemented an improper custom or policy, directed its subordinates to act unlawfully, or knew they would act unlawfully and failed to stop them from doing so. Thus, Plaintiff has failed to allege any facts that would result in liability for CCA, and the Court should **DISMISS** Plaintiff's claims against CCA.

**IV.   Dismissal of Claims for Compensatory and Punitive Damages**

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 976–79 (11th Cir. 2000)). "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal

civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532.

In Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009), the Eleventh Circuit stated that, "compensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated.  Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a *de minim[i]s* physical injury."  Id. (internal citations omitted) (alterations in original).  Consequently, a prisoner that has not suffered more than *de minimis* physical injury cannot recover compensatory or punitive damages.  Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011) ("In sum, our published precedents have affirmed district court dismissals of punitive damage claims under the PLRA because the plaintiffs failed to meet § 1997e(e)'s physical injury requirement."); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) ("Plaintiff seeks nominal, compensatory, and punitive damages.  It is clear from our case law, however, that the latter two types of damages are precluded under the PLRA."), *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277 (2011).  "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*."  Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002).  "The meaning of the phrase 'greater than *de minimis*,' however, is far from clear."  Chatham v. Adcock, 334 F. App'x 281, 284 (11th Cir. 2009).

In this case, Plaintiff has failed to allege any physical injury resulting from Defendants' actions.  Plaintiff states only that he is "infected and requiring additional medical care," but fails

7

to state what is infected, what caused the infection, or whether the infection was even caused or exacerbated by Defendants' actions. (Doc. 1, p. 5.) Because Plaintiff has failed to allege that Defendants' actions caused more than a *de minimis* injury, the Court should **DISMISS** his claims for compensatory and punitive damages.

V.     **Dismissal of Eighth Amendment Claims**

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. Id. Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." Id. at 347. However, "[c]ontemporary standards of decency must be brought to bear in determining whether a punishment is cruel and unusual." Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999).

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege

8

acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference to medical care claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

In this case, Plaintiff fails to allege any facts to support his claim that Defendants were deliberately indifferent to his medical needs. Plaintiff simply contends that he has been denied medical treatment without stating who denied him medical treatment or whether Defendants were the cause of such denial. (Doc. 1, p. 5.) While Plaintiff does assert that he is "infected and requiring additional medical care," he fails to state whether Defendants' deliberate indifference caused the infection or whether Defendants prevented him from receiving treatment for his infection. (Id.) Although the Court construes Plaintiff's Complaint liberally, Plaintiff must still

assert "more than labels and conclusions." Twombly, 550 U.S. at 55.  He has failed to do so in his current Complaint.

Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to medical needs and the Court should **DISMISS** Plaintiff's Eighth Amendment claims.

## VI. Retaliation

"It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011).  It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. (quoting Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (internal citation and punctuation omitted)).  "To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant, 637 F.3d at 1212.  "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith, 532 F.3d at 1276 (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Plaintiff alleges that he was denied medical care and transferred to Autry State Prison after reporting that Defendants Smith, Paulk, and Grady failed to follow prison procedure. (Doc. 1, p. 5.)  As such, Plaintiff's report is considered constitutionally protected speech.

However, Plaintiff fails to allege which Defendants denied him medical care or arranged for his transfer to Autry State Prison. Thus, as with his Eighth Amendment claims described above, Plaintiff has failed to assert "sufficient factual matter" to support a plausible claim to relief against Defendants. Iqbal, 556 U.S. at 678. Accordingly, the Court should also **DISMISS** Plaintiff's retaliation claims.

### VII.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[2]  A certificate of appealability is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim, **DENY** Plaintiff leave to appeal *in forma pauperis* and **DIRECT** the Clerk of Court to **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of March, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA